BOARD OF COM'RS OF PRATT COUNTY, KAN., v. SOCIETY FOR
SAVINGS.

(Circuit Court of Appeals, Eighth Circuit. October 24, 1898.)

No. 1,057.

1. CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS—REFUNDING
MUNICIPAL BONDS.

Bonds issued by the board of commissioners of a county of Kansas,
which, under the constitution and laws of that state, is the only body
which can exercise the powers of, or make a contract for, the county as
a body politic or corporate, although they may be issued upon a petition
of the taxpayers or on a vote of the electors of the county, are contracts
of the county only, and not of the petitioners, taxpayers, or voters, who
are not bound by the obligation thereof; hence a change in the terms
of such contracts by the issuance of refunding bonds, under proper legis-
lative authority, does not impair the obligation of any contract made by
the electors or taxpayers.

2. MUNICIPAL BONDS—REFUNDING DEBT OF COUNTY—NECESSITY OF VOTE.

The refunding of a debt of a county, evidenced by a judgment against
it, by the issuance of bonds in payment thereof, as authorized by Laws
Kan. 1879, c. 50, is not the borrowing of money, within the meaning of
Gen. St. Kan. 1889, pars. 1630, 1632, prohibiting the borrowing of money
by a county without first submitting the question of such loan to a vote of
the electors; hence a vote is not necessary to authorize such refunding.

3. SAME—STATUTES—REPEAL BY IMPLICATION.

A general law authorizing all counties and other municipalities in a
state to refund their indebtedness, of every kind and description, by ex-
changing therefor bonds bearing not more than 6 per cent. interest, is not
repealed by implication, as affecting a certain county, by a special act
applying to such county only, which it authorized to issue a specified
amount in bonds, bearing 8 per cent. interest, and to sell the same, and
apply the proceeds to the payment of its outstanding warrants and the
current expenses of a particular year, and which contained a proviso that
the provisions of the general law should not apply to such bonds. The
two statutes are not repugnant as applied to such county, and it may
legally act under both.

In Error to the Circuit Court of the United States for the District
of Kansas.

S. S. Ashbaugh (B. D. Crawford, on the brief), for plaintiff in error.

J. T. Herrick, W. H. Rossington, C. B. Smith, and E. J. Dallas,
for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS,
District Judge.

SANBORN, Circuit Judge. This was an action upon coupons cut
from refunding bonds issued by the county of Pratt, in the state of
Kansas, under chapter 50 of the Laws of that state of 1879 (Gen.
St. Kan. 1889, par. 464). The answer pleaded many defenses. The
case was tried upon an agreed statement of facts, which conceded
that the Society for Savings, the defendant in error, was an innocent
purchaser for value of the bonds and coupons in question. The court
below rendered a judgment against the county. All but three of the
objections made to its decision have been considered and overruled
in the case of Seward Co. Com'rs v. Ætna Life Ins. Co., 90 Fed. 222,
and this opinion will be confined to a consideration of these three.

1. It is claimed that many of the original bonds which were exchanged for those from which some of these coupons were taken were railroad aid bonds, whose terms were fixed by a petition of the taxpayers or by a vote of the electors of the county, and that an exchange of these bonds for those bearing different terms and times of payment, without a vote of the electors, is an impairment of the obligations of the contracts of the taxpayers and electors of the county, and a violation of the provision of the constitution in that regard. There are two reasons why this position is untenable. The first is that the record nowhere discloses, either by plea or by stipulation in the agreed statement of facts, that the terms of any of the bonds refunded were fixed by, or upon a petition of, the taxpayers, or a vote of the electors of the county. The second is that a county bond issued by the board of county commissioners of a county, the only body that under the constitution and laws of the state of Kansas can make a contract for, or exercise the powers of, the county, as a body politic or corporate (Const. Kan. art. 2, § 21; Gen. St. Kan. 1889, par. 1613), although it may be issued upon a petition of the taxpayers or on a vote of the electors of the county, is the contract of the county only, and is not the contract of the petitioners, or of the voters, or of the taxpayers, and they are not bound by the obligation thereof (Haskell Co. Com'rs v. National Life Ins. Co., 90 Fed. 228).

2. The bonds from which some of the coupons in suit were cut were issued to refund debts of the county which were evidenced by judgments, and these bonds were issued without a vote of the electors of the county. It is contended that chapter 50 of the Laws of 1879 did not authorize the issue of bonds to refund judgments without a vote of the electors, and that these coupons, and the bonds from which they were taken, are consequently void. Counsel for the county do not rest this proposition upon the provisions of the act of March 8, 1879, under which the bonds were issued, which by its terms empowers the county to refund "its matured and maturing indebtedness of every kind and description" without a vote of its electors, but upon the following provisions of the General Statutes of Kansas, which they insist should be read into the act of 1879, under the rule that all acts upon the same subject are to be construed together, as if they formed parts of the same law:

"Par. 1613. The powers of a county as a body politic and corporate shall be exercised by a board of county commissioners."

"Par. 1630. The board of county commissioners of each county shall have power, at any meeting: * * * Fourth, apportion and order the levying of taxes as provided by law, and to borrow, upon the credit of the county, a sum sufficient for the erection of county buildings, or to meet the current expenses of the county, in case of a deficit in the county revenue."

"Par. 1632. The board of county commissioners shall not borrow money for the purposes specified in the fourth subdivision of the preceding section, without first having submitted the question of such loan to a vote of the electors of the county." Gen. St. Kan. 1889.

The theory of counsel for the county is that a judgment is "current expense" of the year in which it is recovered; that by paragraphs 1630 and 1632 the board of county commissioners was forbidden to borrow money to meet current expenses without first submitting the

question of such loan to a vote of the electors; and that, therefore, it is prohibited from refunding a debt evidenced by a judgment, under the act of 1879, without such a vote. The argument is too subtle and ingenious to be sound. The conclusion drawn is not the logical inference from the premises. The refunding of a debt in the legal method prescribed in Doon Tp. v. Cummins, 142 U. S. 366, 378, 12 Sup. Ct. 220, is not borrowing money, nor is the exchange of bonds for a judgment the making of a loan. The conclusive legal presumption is that the refunding in this case was effected in this legal manner by the exchange of the bonds for the judgment, dollar for dollar, since the bonds contain a recital that they were issued "in compliance with" the act of 1879. City of Huron v. Second Ward Sav. Bank, 30 C. C. A. 38, 86 Fed. 272, 278. Such an exchange neither creates nor increases the debt; it simply changes the form of it. The creditor loans no money and the debtor obtains none, and paragraphs 1630 and 1632, which treat of borrowing money and making loans, do not relate to the same subject as chapter 50 of the Laws of 1879, and neither limit the powers conferred by that act nor prescribe the manner of their exercise. Chapter 50 of the Laws of 1879 gave the board of county commissioners ample authority to refund debts evidenced by judgments without a vote of the electors of the county.

3. Some of the coupons were cut from bonds which were issued to refund county warrants subsequent to the year 1881, and it is argued that these coupons, and the bonds from which they are cut, are void, because chapter 50 of the Laws of 1879 was repealed in so far as it empowers the county of Pratt to issue such bonds by chapter 78 of the Laws of Kansas of 1881. The act of 1879 is a general law, which authorizes every county in the state to refund its matured and maturing indebtedness of every kind and description. Chapter 78 of the Laws of 1881 is a special act, which empowers the county of Pratt to issue its bonds and to sell them for cash, or to exchange them for county orders, and to apply the bonds and their proceeds exclusively to the payment of county orders and of the current expenses of the county for the year 1881. The general law limited the rate of interest which the bonds issued under it should bear to 6 per cent. per annum. The special act fixed the rate which the bonds it authorized should draw at 8 per cent. per annum. The general law authorized the issue of bonds only after a compromise of the debt had been made. The special act authorized the county to issue bonds in exchange, dollar for dollar, for all county warrants and interest, dated prior to February 1, 1881, which should be presented to the board of county commissioners prior to April 2, 1881. The general law prohibited the issue of any bonds under it for less than par. The special law permitted the sale of those issued under it at 85 cents on the dollar. The amount of bonds issuable under the general law was limited only by the amount of the outstanding debt of the municipality. The amount of the bonds issuable under the special law was limited to $50,000. The act of 1881 contained no clause repealing the act of 1879, but it did contain a provision that the restrictions and limitations contained in that act should not be construed as applying to, or in any manner affecting, the bonds author-

ized to be issued under the act of 1881. If the act of 1879 was repealed, if the legislature of 1881 took away from the county of Pratt any part of the power to refund its indebtedness of every kind and description, which it had granted to that county and to every other county in the state by the act of 1879, it did so by implication only, and repeals by implication are never favored. In support of the theory of a repeal by implication, counsel for the county invoke the rules (1) that where two acts upon the same subject are repugnant in any of their provisions the latter act repeals the former to the extent of the repugnancy; and (2) that, where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act. But the laws we are considering do not fall under these rules. A small fraction of the subject of the act of 1879, the refunding of the county warrants of Pratt county, is the same as a part of the subject of the act of 1881. But the latter act does not undertake to treat of the refunding of any indebtedness of that county not represented by county warrants or of any indebtedness of any other county in the state, while the act of 1879 authorizes the refunding of all the indebtedness of every county, of every city of the first, second, and third class, of the board of education of every city, of every township, and of every school district in the state. There is certainly no room for argument here that the act of 1881 was intended as a substitute for that of 1879, and no repeal can be implied upon that ground. Is there any irreconcilable repugnancy in the provisions of the two laws? When there are two acts upon the same subject the rule is to give effect to both, if possible. The question is whether any part of the earlier act is repealed by necessary implication. Mr. Justice Story, in delivering the opinion of the supreme court in Wood v. U. S., 16 Pet. 217, 231, speaking of this method of repeal, said: "We say, by necessary implication; for it is not sufficient to establish that subsequent laws cover some, or even all, of the cases provided for by it, for they may be merely affirmative, or cumulative or auxiliary." Mr. Justice Strong in Re Henderson's Tobacco, 11 Wall. 652, 657, speaking of repeal by repugnancy, said: "But it must be observed that the doctrine asserts no more than that the former statute is impliedly repealed, so far as the provisions of the subsequent statutes are repugnant to it, or so far as the latter statute, making new provisions, is plainly intended as a substitute for it. Where the powers or directions under several acts are such as may well subsist together, an implication of repeal cannot be allowed." The summary of the terms of the two acts which we have recited shows more clearly than any argument can demonstrate it that there is neither repugnancy nor inconsistency in their provisions. There is no reason why they cannot both stand together; no reason why the county of Pratt should not be allowed to exchange 6 per cent. bonds for its county warrants under the act of 1879 with all its creditors who would accept them, and to sell 8 per cent. bonds at 85 cents on the dollar under the act of 1881 to raise the money to pay the warrants held by those who would not accept the terms offered

under the earlier act of 1879. It seems clear that it was the intention of the legislature that this county should have this privilege from the general terms of the acts. But this is placed beyond doubt or cavil by the fact that the act of 1881 provides in express terms, at its close, not that the act of 1879 shall be repealed, not that any of the restrictions or limitations it imposed upon the issue of bonds under that act should be modified or removed, but that those restrictions and limitations should not be construed to apply to the bonds issued under the act of 1881. This was a useless provision, if any part of the former act was repealed by the latter. It conclusively shows that the attention of the legislature was expressly called to the effect of the two acts upon each other, and that after this was done it declined to repeal or modify the earlier act, but left it in full force, and simply provided that it should not limit or restrict the power granted by the later act. The conclusion is inevitable that the legislature intended that the two acts should stand together, each complete, independent, and effective in itself, and that the county of Pratt should have the power to issue its 6 per cent. bonds to refund its warrants under the general law, and to issue its 8 per cent. bonds and exchange or sell them under the special law for the same purpose. No part of chapter 50 of the Laws of 1879 was repealed or modified by chapter 78 of the Laws of 1881. Pursell v. Insurance Co., 42 N. Y. Super. Ct. 383, 394; State v. Morrow, 26 Mo. 131, 141.

There is nothing in the defenses in this case to warrant a different result from that reached in Seward Co. Com'rs v. Ætna Life Ins. Co., supra, and upon the authority of the opinion in that case, and of the cases cited therein, the judgment below is affirmed.