### CITY OF MITCHELL v. SMITH, City Auditor.

Act Cong. July 30, 1886, (24 Stat. 170), prohibits a municipal corporation in a territory from becoming indebted to an amount exceeding 4 per cent of the value of its taxable property, and renders obligations created in excess of such amount void, but declares that it shall not affect debts previously contracted by virtue of acts of the territorial legislature,

*Held*, that where a territorial city contracted for the construction of waterworks prior to such act, and issued bonds for the indebtedness incurred thereby subsequent thereto, the city auditor could not refuse to deliver refunding bonds therefor on the ground that the bonds previously issued were invalid, since such bonds did not create a new indebtedness of the city.

(Opinion filed November 27, 1899.)

Appeal from circuit court, Davison county.   Hon. FRANK B. SMITH, Judge.

Proceedings by the city of Mitchell against J. K. Smith, city auditor, etc.. to compel the signing, attesting and delivery of certain refunding bonds.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

*Geo. A. Johnston*, for appellant.

*T. J. Spangler*, for respondent.

HANEY, J.   The purpose of this proceeding is to compel the defendant, as auditor of the city of Mitchell, to sign, attest, and deliver certain refunding bonds.   The cause was heard on an agreed statement of facts.   Judgment was rendered in favor of plaintiff, and defendant appealed.

It appears from the agreed statement that the city of Mitchell issued its so-called "water bonds" to the amount of $50,000 on August 1, 1886, in pursuance of an election authorizing the same, held July 20, 1886; that the city is seeking to issue refunding bonds to the amount of $40,000 for the purpose of taking up and canceling such of these water bonds as remain outstanding; that the defendant refuses to sign, attest and deliver the same, for the reason that the water bonds issued August 1, 1886, were illegal and void, in that they exceeded the constitutional limit of indebtedness for municipal cor-

porations within the territory of Dakota, as provided by the act of congress approved July 30, 1886; and that the indebtedness of the city on August 1, 1886, including the water bonds, amounted to the sum of $71,000, which was far in excess of 4 per centum of the assessed valuation of the city. It is conceded that the city was authorized by the statutes then in force to issue bonds for the purpose of constructing waterworks, and that the bonds so issued are in all respects valid, unless their legality is affected by the act of congress above mentioned. It is also conceded that the city has in all respects complied with an act of the last legislature in the preparation of its refunding bonds, and that there is no reason why they should not be issued, provided the water bonds are valid, subsisting obligations of the city. Therefore the only question to be determined is whether the water bonds are illegal because of the prohibition contained in the act of congress approved July 30, 1886. Such act contains the following: "That no political or municipal corporation, county or other subdivision in any of the territories of the United States shall ever become indebted in any manner or for any purpose to any amount in the aggregate, including existing indebtedness, exceeding four per centum on the value of the taxable property within such corporation, county or subdivision, to be ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness; and all bonds or obligations in excess of such amount given by such corporation shall be void; that nothing in this act contained shall be so construed as to affect the validity of any act of any territorial legislature heretofore enacted, or of any obligations existing or contracted thereunder, nor to preclude the issuing of bonds already contracted

for in pursuance of express provisions of law; nor to prevent any territorial legislature from legalizing the acts of any county, municipal corporation, or subdivision of any territory as to any bonds heretofore issued or contracted to be issued." 24 Stat. 170. It will be observed that the election authorizing the issuance of the water bonds was held prior to July 30, 1886, when the act of congress took effect; that the only acts done by the city in connection therewith, after the act of congress went into effect, were the execution and delivery of the bonds; and it is expressly stipulated "that the city had contracted for and was indebted for a system of waterworks prior to July 30, 1886; that, for the purpose of paying off the indebtedness which the city had incurred and for which it had contracted, the city voted and negotiated its municipal bonds in the sum of $50,000, for the purpose of paying off the indebtedness which it had already contracted, and which was necessary for the purpose of erecting and establishing a system of waterworks within the said city." Upon the facts, as agreed to by the parties and found by the court below, we think the outstanding water bonds are valid and legal obligations. By its terms, the act of congress cannot be so construed as to affect the validity of any act of the territorial legislature theretofore enacted, or of any obligations existing or contracted thereunder. Its effect was to prohibit indebtedness beyond the prescribed limit being thereafter incurred, but it did not effect any indebtedness then existing. It appears from the agreed statement that the indebtedness for which the bonds were issued was incurred prior to the approval of the act of congress. Such indebtedness was legal, and the bonds were executed and delivered "for the purpose of paying off the indebtedness which the city had incurred

and for which it had contracted'' prior to July 30, 1886. The execution and delivery of the bonds for such purpose did not create any new indebtedness. The form or evidence of the existing obligations of the city was changed, but the indebtedness itself was not changed. We think the learned circuit court correctly concluded that it was defendant's duty to sign, attest, and deliver the refunding bonds in question, and that its judgment should be affirmed.