(June 14, 1910.)

## FRED VEATCH, Appellant, v. CITY OF MOSCOW et al., Respondents.

[109 Pac. 722.]

FUNDING BONDS—AUTHORITY OF MUNICIPALITY TO ISSUE—CREATION OF INDEBTEDNESS—STATUTES—CONSTRUCTION OF.

(Syllabus by the court.)

1. Under the provisions of sec. 2315, Rev. Codes, a municipality has the authority to issue refunding bonds for the purpose of redemption of outstanding indebtedness when the same can be done to the profit and benefit of the municipality, and this may be done without the submission of the question of the issuance of such bonds to the electors of the municipality.

2. The provisions of sec. 2316, Rev. Codes, were not intended to apply to the issuance of refunding bonds of municipalities when the issuance of such bonds would not create an additional indebtedness or liability of the municipality.

3. Under the constitution of this state, the legislature has authority to empower municipalities to negotiate for the sale and issuance of refunding bonds without submitting the question to the electors of such municipality, where it can be done to the profit and benefit of the municipality and without incurring any additional liability.

4. The issuance of refunding bonds is not the creation of a new indebtedness within the meaning of the provisions of sec. 3, art. 8, of the constitution, when it does not increase the indebtedness or liability of the municipality.

5. So far as the decision in the case of *Bannock Co. v. Bunting,* 4 Ida. 156, 37 Pac. 377, is in conflict with the views expressed in this opinion, it is overruled.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action to enjoin the city of Moscow from issuing refunding bonds. Judgment for defendant. *Affirmed.*

A. W. Witherspoon, for Appellant.

The supreme court of the United States in *Township of Doon v. Cummins,* 142 U. S. 366, 12 Sup. Ct. 222, 35 L. ed. 1044, held that the issuance of refunding bonds creates a new indebtedness. This court has adopted the law laid down by the supreme court of the United States in the case above mentioned, and cited the same quite at length in the case of *Bannock County v. Bunting,* 4 Ida. 156, 37 Pac. 277.

C. J. Orland, for Respondents.

The issue of refunding bonds does not create or increase a debt; merely changes the form of indebtedness. In this case it simply changes one bond into another bond of the same amount and denomination. (*Los Angeles v. Teed,* 112 Cal. 319, 44 Pac. 580; *Geer v. Commrs.,* 97 Fed. 435, 38 C. C. A. 250; *Henderson County v. Travelers' Ins. Co.,* 128 Fed. 817, 63 C. C. A. 467; *Murry v. Fay,* 2 Wash. 352, 26 Pac. 533; 1 Abbott's Mun. Corp., sec. 190; *Mitchell v. Smith,* 12 S. D. 241, 80 N. W. 1077; *Cass Co. v. Wilbarger Co.,* 25 Tex. Civ. App. 52, 60 S. W. 988; *Butler v. City of Lewiston,* 11 Ida. 403, 83 Pac. 234.)

The presumption is that the officers of the city of Moscow will do their duty, and that the money arising from the sale of these refunding bonds will be applied in paying off the bonds now outstanding. (*City of Huron v. Second Ward Sav. Bk.,* 86 Fed. 279, 30 C. C. A. 38.)

SULLIVAN, C. J.—This action was brought against the city of Moscow, a municipal corporation, to restrain and enjoin the officers of said city from issuing refunding bonds for the purpose of refunding an indebtedness represented by sixteen one thousand dollar coupon bonds, said bonds having matured on or about November 1, 1909. After the maturity of said bonds, the city having no funds on hand with which to pay the same, the city council passed an ordinance on February 7, 1910, providing for the issuance of the refunding bonds involved in this action. Thereafter notices were given as required by law, and bids were received by the city of Moscow for the purchase of said bonds. The Union Trust Company of Spokane being the highest bidder therefor, the council ordered said bonds sold to said company. The city council refused to submit the question of the issuance of said bonds to a vote of the people, and this action was instituted against the city to enjoin it from issuing said bonds for that reason.

A general demurrer was interposed to said complaint and was sustained by the court and judgment of dismissal entered. From that judgment and the order sustaining the demurrer this appeal was taken.

The question is raised whether or not the city of Moscow is authorized and can legally issue the refunding bonds referred to, without first submitting the question to the electors of said city, and the main question presented by respective counsel is: Does the issue of refunding bonds to retire bonds which are due increase the indebtedness of the city within the meaning of sec. 3 of art. 8, of the constitution of Idaho?

Under the provisions of subd. 8 of sec. 2315, Rev. Codes, it is provided, among other things, that every town incor-

porated under the laws of this state may issue bonds under the fourth subdivision of said section, for the purpose of funding, refunding, purchase or redemption of the outstanding indebtedness of any city or town, when the same can be done to the profit and benefit of the city or town, and without incurring any additional liability, "without the submission of the question of the issuance of such bonds to the electors. of the city or town."

It is provided by sec. 2316 of the Rev. Codes that if an ordinance is passed to fund or refund an existing indebtedness, the ordinance must also provide for the holding of an election of the qualified electors who are taxpayers of the city or town, while sec. 2315 expressly provides that bonds may be issued for the funding or refunding of outstanding indebtedness without the submission of the question of the issuance of such bonds to the electors, when it can be done to the profit and benefit of the municipality and without incurring any additional liability.

Said two sections are not harmonious in their provisions, but from the history of the enactment of said sections, it is, clear that it was not intended that a vote should be required for the issuance of refunding bonds by municipal corporations when it could be done to the profit and benefit of the municipality and without incurring any additional liability. Said two sections of the Revised Codes were first enacted in one act with other sections. (Sess. Laws 1899, p. 29.) Sec.. 1 of that act is sec. 2315 of the Rev. Codes, with the exception that that part of subd. 8 of sec. 1 relating to the issue of bonds under the fourth subdivision has been placed in this. section of the code, when originally it was section 8 of that act. (See p. 33, Sess. Laws, 1899.) This indicates to us that sec. 2316 in the original act was not intended to govern the issuance of refunding bonds, at least so far as a submission of that question to the electors was concerned. Sec. 8. of the original act was evidently intended to exempt from the operation of sec. 2 the bonds that could be issued under the provisions of the fourth subdivision of sec. 1, and not.

to require a vote of the electors to be taken upon the question of the issuance of such refunding bonds.

Sec. 2315 settles the question of the authority of the city to issue such bonds without submitting the question to the electors of the city, provided said provision of the statute is not in conflict with any provision of the state constitution. Sec. 3 of art. 8 of the constitution provides that no municipality therein named "shall incur any indebtedness, or liability in any manner, or for any purpose, exceeding in that year the income and revenue provided for it for such year without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose," etc. If the issuance of said refunding bonds creates an indebtedness or liability, then the city cannot issue them without a vote of the people. Then, does the issuance of said refunding bonds create any additional liability or indebtedness?

It is stated in sec. 190, 1 Abbott on Municipal Corporations, that it has been repeatedly held that the refunding of an indebtedness does not increase or create a debt but merely changes its form, and it is said: "The authorities are uniform to the effect that where legislative authority exists the proper officials have the power to negotiate for an issue of refunding bonds without submitting the question to the electors of the district," and cites *Doon Tp. v. Cummins,* 142 U. S. 366, 12 Sup. Ct. 222, 35 L. ed. 1044, and other authorities,—among them, *Pratt Co. Commrs. v. Society for Savings,* 90 Fed. 233, 32 C. C. A. 596. In the latter case the court, referring to the argument of counsel to the effect that the proper authorities were prohibited from refunding the debt evidenced by a judgment without a vote of the people, said: "The argument is too subtle and ingenious to be sound. . . . . The refunding of a debt in the legal method . . . . is not borrowing money, nor is the exchange of bonds for a judgment the making of a loan. . . . . Such an exchange neither creates nor increases the debt; it simply changes the form of it."

In *Geer v. Board,* 97 Fed. 435, 38 C. C. A. 250, in answering a similar question, the court said:

"The answer to the proposition is that the prohibition of the constitution of Colorado is against the creation of a debt by loan, and the mere exchange of the judgments against a county for its refunding bonds creates no debt by loan, or in any other way. The debts existed before as well as after the exchange. The judgments and the bonds are nothing but the legal evidences of the existence of these debts, and the exchange of the one for the other merely changes the form of the obligations."

It was held in *City of Los Angeles v. Teed,* 112 Cal. 319, 44 Pac. 580, as follows:

"A bond is not an indebtedness or liability; it is only the evidence or representative of an indebtedness. And a mere change in the form of the evidence of indebtedness is not the creation of a new indebtedness within the meaning of the constitution. (*Opinion of Justices,* 81 Me. 602, 18 Atl. 291; *Hotchkiss v. Marion,* 12 Mont. 218, 29 Pac. 821; *Board of Commrs. v. Board of Commrs.,* 26 Kan. 181, 201; *City of Poughkeepsie v. Quintard,* 65 Hun, 141, 19 N. Y. Supp. 944.) The case of *Doon Tp. v. Cummins,* 142 U. S. 366, 12 Sup. Ct. 222, 35 L. ed. 1044, appears to be opposed to this view; but we are unable to assent to the reasoning of the majority of the court in that case, and think that the correct rule is stated in the dissenting opinion."

The whole trouble upon this question is occasioned by the decision of the supreme court of the United States in *Doon Tp. v. Cummins, supra.* Aside from that case, the decisions upon this question from the courts of last resort in this country are almost unanimous against the rule laid down in that case. The majority opinion in that case is to the effect that the issue of refunding bonds does increase the indebtedness of a municipality, and is in conflict with that provision of the Iowa state constitution prohibiting the creation of indebtedness beyond a certain limit. The courts have almost unanimously refused to follow the rule in that case, and it will be observed that there was a vigorous dissenting

opinion therein written by Mr. Justice Brown and concurred in by Justices Harlan and Brewer, and the reasoning contained in the dissenting opinion seems to commend itself to the state courts of last resort, rather than that of the majority opinion. The majority opinion in that case establishes a rule that would make it impossible in many cases to refund indebtedness, and we do not think it was the intention of the framers of our constitution to prevent the refunding of an existing indebtedness when such refunding does not increase the liability or indebtedness of the municipality.

This court held in *Butler v. City of Lewiston*, 11 Ida. 393, 83 Pac. 234, as follows:

"The bonds proposed to be issued are to be issued for the purpose of funding the outstanding warrant indebtedness of the city. Such bonds will not increase the legal indebtedness of the city, but simply change the form of existing indebtedness from warrant to bond."

As bearing upon this question, see *Le Tourneau v. City of Duluth*, 85 Minn. 219, 88 N. W. 529; *Henderson County v. Travelers' Ins. Co.*, 128 Fed. 817, 63 C. C. A. 467; *Murry v. Fay*, 2 Wash. 352, 26 Pac. 533; *Mitchell v. Smith*, 12 S. D. 241, 80 N. W. 1077; *Cass Co. v. Wilbarger Co.*, 25 Tex. Civ. App. 52, 60 S. W. 988.

So far as the decision of this court in *Bannock Co. v. Bunting*, 4 Ida. 156, 37 Pac. 277, is in conflict with the views expressed in this opinion, it is overruled.

The issue of a refunding bond does not generally create a new indebtedness, and it is so held by the great weight of authority, but it simply changes the form of the indebtedness and usually reduces the rate of interest. There is no presumption that the officers of a municipality will not make proper application of the funds procured from the sale of refunding bonds.

We therefore conclude that the issue of a refunding bond by a municipality does not increase or create a debt, and that the issue of such bonds for the purpose of funding an existing legal indebtedness is not required to be submitted to a vote of the qualified electors, but that the city council or vil-

lage· trustees by ordinance may · authorize the issue of such refunding bonds when it can be done to the profit and benefit ·of the municipality and without incurring any additional liability.

The judgment of the trial court is therefore affirmed and :the cause remanded, with costs in favor of respondents.

Ailshie, J., concurs.