(May 23, 1912.)

JOHN S. HICKEY et al., Appellants, v. CITY OF NAMPA, Respondent.

[124 Pac. 280.]

VALIDITY OF BOND ISSUE—ORDINARY AND NECESSARY EXPENSE—RESTORA-
TION AND REPAIR OF MUNICIPAL WATERWORKS—BOND ISSUE BY ORDER
OF CITY COUNCIL.

(Syllabus by the court.)

1.  Under the provisions of sec. 2270 of the Rev. Codes, a city council is authorized by a two-thirds vote to incur an indebtedness which will exceed the annual appropriation made for current and necessary expenses, where such expenditure is rendered necessary by casualty or accident in order to repair any municipal improvement or property.

2.  Where a city owns a waterworks system or fire extinguishing appliances and apparatus and a fire occurs, and in attempting to control and extinguish the same the waterworks system and other property of the city is so damaged, impaired or destroyed as to render it of no further practical value for fire protection, the city council has authority under the provisions of sec. 2270, Rev. Codes, to issue warrants for the repair and improvement thereof, where

the same is done in good faith for an actual necessity which confronts the municipality.

3. The proviso to sec. 3 of art. 8 of the constitution "That this section shall not be construed to apply to the ordinary and necessary expenses authorized by the general laws of the state" may properly be construed by the legislature to authorize the law-making body to include within the term "ordinary and necessary expenses" any expenditure rendered necessary by casualty or accident which has impaired or injured municipal property that is necessary for the protection of the city against fires, or for the health and welfare of the city.

4. Under the provisions of subdivisions 4 and 8 of sec. 2315, Rev. Codes, a city council has the right and authority to authorize and issue municipal coupon bonds for the funding or refunding of outstanding warrants and indebtedness without submitting the question to a vote of the people, where the funding or refunding of such outstanding indebtedness will be to the profit and benefit of the city.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action by plaintiffs to enjoin the issuance and sale of certain municipal coupon bonds. Judgment for the defendant and plaintiffs appeal. *Affirmed.*

F. A. Hagelin, for Appellants, cites no authorities.

George W. Lamson, for Respondent.

The contention of respondents is that this was a repair and restoration of an improvement destroyed by casualty in the first instance, the larger part of which has been paid, but which has left as a consequence other outstanding warrants sought to be paid by the proposed bond issue.

The indebtedness incurred and paid by the outstanding warrants was a necessary and ordinary expense. (*Butler v. City of Lewiston,* 11 Ida. 393, 83 Pac. 234.)

AILSHIE, J.—This action was instituted in the district court for the purpose of procuring a writ of injunction restraining the issuance and sale by the mayor and council of

the city of Nampa of certain municipal coupon bonds in the sum of $37,000. Judgment was entered in favor of the city and an appeal has been prosecuted.

It appears that prior to the spring of 1909, the city of Nampa owned a water system consisting of wooden pipes and a pumping station, by means of which the water was pumped from a well of a capacity of 300 gals. per minute. The city also had certain fire equipments and apparatus for the fighting and extinguishing of fires. On the 3d of July, 1909, fire broke out in the business section of the city and the water supply was exhausted and water was pumped directly through the mains and resulted in bursting a large amount of the wooden pipes. Property was destroyed to the amount of something like 200,000 dollars' worth, and the city was left without fire protection. The mayor and city council considered this a casualty within the purview and meaning of sec. 2270 of the Rev. Codes, and that the repair and improvement of the water system and fire extinguishing apparatus and appliances was a public necessity calling for and requiring the restoration and improvement thereof. They accordingly determined by a unanimous vote to improve and restore the water system, and in so doing to purchase iron pipes and remove the wooden pipes that had burst and to equip and improve a pumping station, and accordingly ordered city warrants issued for this purpose. The work was thereafter done and the improvements were made and warrants were issued in payment for the various items. As the revenue came into the city treasury, these warrants were redeemed in their numerical order and in the meanwhile warrants were issued and numbered consecutively for the current expense, such as salary of officers and necessary expenditures in the maintenance of the municipal government. All outstanding warrants were bearing interest at the rate of seven per cent. The warrant indebtedness was not allowed to increase over and above the indebtedness caused by reason of the issuance of warrants for these improvements. On the 11th day of August, 1911, the mayor and council of the city of Nampa duly and regularly passed and adopted an ordinance, No. 230, of the city of

Nampa, "providing for the issuance and sale of municipal coupon twenty-year funding bonds to redeem outstanding warrants drawn on the city waterworks fund of the city of Nampa" in the sum of $37,000 for paying off the outstanding indebtedness represented by warrants which had been duly and regularly issued. These bonds were to bear interest at the rate of five and one-half per cent,' and the bond issue was ordered under the provisions of sec. 2315 of the Rev. Codes, on the ground that the issuance of bonds at five and one-half per cent would prove profitable and beneficial to the city, in that it would reduce the rate of interest.

It is contended by the appellant, first, that the indebtedness incurred by the issuance of the warrants which was sought to be funded exceeded and now exceeds the annual income and revenue provided for by the city of Nampa in the year in which such indebtedness was incurred, and is contrary to the provisions of sec. 3, art. 8 of the constitution; and, second, that the indebtedness was created and incurred without the assent of two-thirds of the qualified electors of the city, voting at an election for the purpose of authorizing such indebtedness, as provided for by the provisions of sec. 3, art. 8 of the constitution; and, third, that no provision was made at the time of incurring such indebtedness for the collection of an annual tax sufficient to pay the interest and providing a sinking fund to meet the indebtedness; and, fourth, that the indebtedness was not contracted for ordinary and necessary expenses as authorized by the general laws of the state; and, fifth, that no necessity existed for the making of the expenditure evidenced by the warrants sought to be refunded. We will deal with these questions generally and not take them up separately.

In the first place, we have no doubt but that the indebtedness which was incurred falls within the purview of sec. 2270 of the Rev. Codes, in that it was entailed as a result of a casualty or accident which could not have been foreseen and provided for by the annual appropriation. The city of Nampa had duly and regularly exercised the power and authority conferred upon it by the provisions of subdivisions 36 and 37

of sec. 2238, Rev. Codes, in acquiring and maintaining a
waterworks system and apparatus and appliances for extin-
guishing fires.  In order for this property to be of any value
to the city, it was necessary for it to be kept in repair.  When
the fire came and the waterworks system was impaired and
rendered useless, it was necessary that the city repair and
restore it.  It was also equally necessary to have fire equip-
ment and apparatus to enable it to properly utilize the water
in case of fire.  The vote of the council to make this ex-
penditure and incur the indebtedness was authorized by
unanimous vote, and was therefore a compliance with the
requirements of sec. 2270.  It appears in this case that the
mayor and city council acted in good faith, and that this was
a *bona fide* improvement and restoration of property within
the purview and meaning of the statute.  The city council
could certainly not use this as a subterfuge for the construc-
tion or purchase of a new system of waterworks or other in-
dependent, separate or new property so as to contravene the
provisions of sec. 3, art. 8, of the constitution.  That section
of the constitution provides, among other things, that "no
county, city . . . . or other subdivision of the state, shall
incur any indebtedness, or liability in any manner, or for any
purpose, exceeding in that year the income and revenue pro-
vided for it for that year, without the assent of two-thirds of
the qualified electors thereof, voting at an election to be held
for that purpose," etc.  The same section, however, closes
with this proviso: "Provided, that this section shall not be
construed to apply to the ordinary and necessary expenses
authorized by the general laws of the state."  We take it
that it was within the power of the legislature under this con-
stitutional provision to say that an *expenditure,* though out
of the *ordinary,* which is incurred for the purpose of repair-
ing some damage done to city property or improving it in
such manner as to render it serviceable to the city, falls
within this proviso to the constitution.  The repair and im-
provement of the property may be "ordinary and necessary"
and yet not occur frequently.  It is one of the incidents of
the ownership of property that it must be kept in repair, and

any casualty that may happen must be repaired if the property is to be useful and serve its purpose. The making of repairs may, however, only occur at infrequent intervals and still be an *ordinary* and *necessary* expense.

Another thing occurs in this case which may be observed, and that is that the warrants which were issued for the improvement of the water system and of the fire extinguishing apparatus and appliances have all, or nearly all, been paid out of the current expense fund of the city as the same has been collected from time to time, and the warrants now outstanding which are sought to be funded are those which have actually been issued for salaries and other ordinary expenses of the city. That indebtedness has in fact been paid, and the present indebtedness, while it results from the payment of the other indebtedness first, or of the warrants in their numerical order, still these warrants were issued in the regular course of business for the ordinary running expenses of the city government. This case has been presented, however, on the theory that this is in fact the same indebtedness originally incurred.

Having determined that the indebtedness for which the warrants were issued is lawful, and that the warrants are binding and valid obligations of the city, it follows under the express provisions of the statute (subds. 4 and 8 of sec. 2315, Rev. Codes) that the council might authorize and issue funding bonds without submitting the question to a vote of the people. This was not the creation of any new indebtedness, but was rather the changing of the form of the indebtedness or paying an ordinary debt already incurred. (*Butler v. City of Lewiston,* 11 Ida. 393, 83 Pac. 234, and *Veatch v. City of Moscow,* 18 Ida. 313, 109 Pac. 722, 21 Ann. Cas. 1332.)

We find no legal objection to the bond issue ordered in this case, and the judgment should therefore be affirmed. Judgment affirmed, with costs awarded to respondent.

Stewart, C. J., and Sullivan, J., concur.