## John Gowan *vs.* St. Paul, Stillwater & Taylor's Falls Railroad Company.

### October 30, 1878.

Railroads—Obligation to Fence.—Under Laws 1872, *c.* 25, § 1, it is the duty of railroad companies to build the fences and cattle-guards therein mentioned, although no rules therefor are prescribed by the county commissioners.

Same—Trespassing Cattle.—That statute does not make railroad companies liable for damages done by cattle trespassing upon their lands and passing thence, by reason of a failure to build fences, to the lands of adjoining owners. The liability in such case is upon the owner of the cattle.

Appeal by defendant from an order of the district court for Washington county, *Crosby,* J., presiding, overruling a demurrer to the complaint. The action was brought in 1875, to recover damages occasioned to plaintiff's improved lands and the crops thereon, adjoining defendant's railroad, by reason of defendant's neglect to build fences along such railroad, in consequence of which neglect, and without fault of plaintiff, a great number of cattle and hogs, the owners of which are unknown to plaintiff, entered upon such lands from defendant's railroad, and devoured and destroyed the crops thereon. The complaint also alleges a demand upon defendant to build fences, and its neglect and refusal to do so.

*A. B. Stickney* and *L. R. Cornman,* for appellant.

*McCluer & Marsh,* for respondent.

GILFILLAN, C. J.   Gen. St. *c.* 34, § 33, under which statute this defendant was organized, provided that "each railroad company shall fence its roads with a good, substantial fence, under such rules as the county commissioners of the several counties, through which the same may run, prescribe."

That statute does not define in any way the liability of a company for failure to maintain such a fence.   Laws 1872, *c.* 25,* provides :   "Section 1. All railroad companies in this state shall, within six months from and after the passage of this act, build or cause to be built good and sufficient cattle-guards at all wagon-crossings, and good and substantial fences on each side of such road.

"Sec. 2.   All railroad companies shall be liable for domestic animals killed or injured by the negligence of such companies; and a failure to build and maintain cattle-guards and fences, as above provided, shall be deemed an act of negligence on the part of such companies."

The defendant contends that there was no duty on its part to build fences on each side of its track, until the county commissioners should prescribe rules for the same; and that, at all events, it is liable only for damages done by cattle right-

* Identical with Laws 1876, *c.* 24, §§ 1, 2; Gen. St. (1878) *c.* 34, §§ 54, 55.

fully on its lands, and straying thence, for want of fences, upon adjoining lands.

The duty to construct fences created by Gen. St. c. 34, § 33, appears to have been dependent on previous action by the county commissioners; but by section 1 of the act of 1872, this duty is made absolute, and that section operates to repeal so much of Gen. St. c. 34, § 33, as required the county commissioners to prescribe such rules for such fences.

The theory of the complaint is that owing to the neglect of defendant to construct fences along the line of its road, and between its land and plaintiff's, it is liable for damages done by cattle passing from its land to that of plaintiff, no matter to whom the cattle belonged, and even though they were trespassers upon the land of defendant. At the common law, every owner was required to restrain his own cattle and prevent them trespassing upon his neighbor. But an owner of land was not liable for cattle of others coming wrongfully upon his land, and thence escaping to the land of his neighbor, and doing damage. Each owner was liable only for the trespasses of his own cattle, or those with the care of which he was chargeable. The act of 1872 changes this rule of the common law, so far as to relieve the owners of land along the line of a railroad from the duty to construct fences between theirs and the lands of the company, for the purpose of keeping their cattle from straying upon the lands of the company; to relieve them from the imputation of contributory negligence, if, for want of such fences, their cattle stray upon the track and are injured; and to charge the company with negligence in killing or injuring the cattle, if the cattle came upon the track in consequence of the company's neglect to construct fences. The act is so drawn as to exclude any greater change in the rule as it existed at common law. Section 1 makes it the duty of the company to construct fences, and section 2 prescribes what shall be the liability for neglect to construct them, and there is nothing affecting the rule that an owner of land is not liable for damages which are done by

cattle coming wrongfully upon his land, and passing thence to his neighbors'. In such case the owner of the cattle alone is still liable.

Order reversed.