## BEAR v. CHICAGO GREAT WESTERN RY. CO.

### (Circuit Court of Appeals, Eighth Circuit. October 28, 1905.)

### No. 2,134.

1. RAILROADS—LIABILITY FOR KILLING STOCK—MINNESOTA STATUTE.

Gen. St. Minn. 1894, § 2693, provides that railroad companies shall be liable for domestic animals killed or injured by their negligence, and that a failure to build and maintain cattle guards and fences, as required by the preceding section shall be deemed an act of negligence. Section 2695, as amended by Laws 1897, p. 612, c. 346, provides that any railroad company which has failed or neglected to build and maintain fences, crossings, and cattle guards shall "be liable for all damages sustained by any person in consequence of such failure or neglect," and that its provisions shall not repeal or change in any way the provisions of section 2693. *Held*, that the two sections relate to different subjects. Section 2693, being specific, governs entirely with respect to the killing or injury of domestic animals, while section 2695, although general in its terms, applies only to other cases of damages not covered by section 2693.

2. SAME—FAILURE TO FENCE—STOCK KILLED ON ADJOINING RAILROAD.

Under Gen. St. Minn. 1894, § 2693, which provides that "all railroad companies shall be liable for domestic animals killed or injured by the negligence of such companies, and a failure to build and maintain cattle guards and fences as above provided shall be deemed an act of negligence on the part of such companies," to justify a recovery it must appear that an animal was killed or injured on the right of way of the railroad company which is sued, from which danger it was the purpose of the statute to protect domestic animals; and no recovery can be had for an animal injured or killed on the adjoining right of way of another railroad company, although its access thereto was through defective fences of defendant.

In Error to the Circuit Court of the United States for the District of Minnesota.

This was an action by Bear against the Chicago Great Western Railway Company to recover the value of a horse alleged to have been killed because of the failure of the defendant to maintain fences and cattle guards inclosing its right of way as required by the Minnesota statutes. For some distance in the vicinity of St. Charles, Minn., the railroad of the defendant and that of the Chicago and Northwestern Railway Company are parallel and their rights of way adjoin. Each right of way is 100 feet in width. That of the defendant is north of that of the Northwestern Company. Along the north line of the right of way of the defendant runs a public highway. With the exception of an opening, to which attention will presently be directed, the defendant maintained a fence along its north line; and the Northwestern Company maintained a fence along its south line, with the exception of an opening corresponding to the one on the north. There had been a fence dividing the two rights of way, but it had become dilapidated and had fallen into disuse, and for the purposes of this case it may be assumed that no partition fence existed, and that the rights of way were inclosed together by the fence of the defendant upon the north and the fence of the Northwestern Company upon the south. The openings in these fences were opposite each other and were so left to admit of a private crossing over the tracks and rights of way, which, however, was not protected by either company by cattle guards or lateral fences. The plaintiff owned a horse alleged to be of the value of more than $2,000. The horse, being in the public highway, on the north entered the opening in the defendant's fence, went across its right of way and track, and upon the right of way and track of the Northwestern Company, where it was killed by a passing train owned and operated by the latter company. Hence plain-

tiff's action. Upon the conclusion of the plaintiff's evidence, which tended to prove the facts above recited, the Circuit Court directed the jury to return a verdict in favor of the defendant. This proceeding in error is prosecuted to review the judgment rendered upon the verdict so returned.

Henry M. Lamberton (Fred C. Campbell, on the brief), for plaintiff in error.

John L. Erdall (A. G. Briggs, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Whatever duty rested upon the defendant to inclose its right of way must be found in legislative enactment. None existed at the common law. The plaintiff points to sections 2692–2695, Gen. St. Minn. 1894, and the amendment of the latter section by chapter 346, p. 612, of the Laws of 1897. So far as need be set forth, they are as follows:

Section 2692 required every railroad company in the state to build within a limited time substantial fences on each side of its road and sufficient cattle guards at all wagon crossings.

"Sec. 2693. All railroad companies shall be liable for domestic animals killed or injured by the negligence of such companies; and a failure to build and maintain cattle guards and fences as above provided, shall be deemed an act of negligence on the part of such companies."

Section 2694, which also relates exclusively to domestic animals, provides for the recovery of increased costs.

"Sec. 2695. Any company or corporation operating a line of railroad in this state, and which company or corporation has failed or neglected to fence said road, and to erect crossings and cattle guards, and maintain such fences, crossings, and cattle guards, shall hereafter be liable for all damages sustained by any person in consequence of such failure or neglect."

It is provided in the act of 1897, amending section 2695, that there shall be no repeal or change in any way of sections 2693 and 2694, but the same shall remain in full force and effect, and the liability of any railroad companies for damages to stock therein and thereby imposed shall in no way be changed, rescinded, or modified.

It will be observed from the statement preceding this opinion that, while plaintiff's horse entered the opening in defendant's fence, it was not killed upon defendant's right of way or by one of its trains. There are two phases of the plaintiff's contention: (1) That the provisions of the statutes above quoted, and especially those of section 2695, are broad enough to cover the case at bar, and that in their application it is immaterial that the horse met its death upon the adjoining right of way of another company; (2) that the failure of the defendant to build and maintain lawful fences and cattle guards was, in the language of section 2693, "an act of negligence," and further that such negligence was the proximate cause of the killing of the horse.

Since this cause was submitted the Supreme Court of Minnesota has decided that section 2693 deals exclusively with the liability of railroad companies in respect of domestic animals killed or injured through their neglect to fence their roads; that to justify a recovery under that section it must appear that a domestic animal was injured or

killed upon the right of way of the railroad company which is sued; that no recovery can be had if the animal was injured or killed upon an adjoining right of way of another railroad company, although its access thereto was through defective fences of the defendant; and, finally, that the history of the Minnesota legislation upon the subject shows that amended section 2695 was intended to apply, not to domestic animals, but to other cases. Frisch v. Chicago Great Western Ry. Co. (Minn.) 104 N. W. 229.

It was said in substance by that court that the conclusions announced were the logical and necessary outcome of its prior decisions construing the same state statutes. In such case the doctrine so established by the highest judicial tribunal of the state would be more than persuasive to our judgment; it would be binding upon us. But, assuming that the question is a new one, unaffected by the decisions of the state court, we reach the same result. Section 2693 is complete in itself, and it relates specially to those damages which arise from the presence of domestic animals upon railroad rights of way. The subsequent legislation, as now exhibited in amended section 2695, does not purport to change in any respect the duty as to domestic animals or the penalty for its violation. Not only was there no change in these particulars, but there was in the amendment an express affirmation that there was none. It was provided that the liability for damages in the case of domestic animals imposed by section 2693 should be in no way changed, rescinded, or modified. So then, for that subject we are not to look to amended section 2695. It is true that its terms are broad and comprehensive and perhaps sufficiently so to cover the ground of the earlier section, but it is clear that it was not so intended. This conclusion is also reached in another way. The particular feature of the amendment of 1897, already adverted to, emphasizes the propriety of applying the familiar rule of construction that, where there are specific provisions in a statute relating to a particular subject, they will govern in respect of that subject, as against general provisions in the same or other statutes which might otherwise be broad enough to include it, unless a contrary intent is manifest. Gowen v. Harley, 56 Fed. 973, 6 C. C. A. 190; Board of Com'rs v. Insurance Co., 90 Fed. 222, 32 C. C. A. 585; Board of Com'rs v. Society for Savings, 90 Fed. 233, 32 C. C. A. 596; Stapylton v. Thaggard, 91 Fed. 93, 33 C. C. A. 353, 360.

As to the construction of section 2693: By its terms it relates alone to domestic animals killed or injured through the failure of a railroad company to inclose its right of way; such failure being termed an act of negligence. Does it include a case, such as this, where the animal was not killed on the right of way of the defendant? The enactment of the statute was in view of the obvious and especial dangers incident to a railroad right of way and the moral duty of the owner to adopt reasonable precautions to guard against them. This moral duty was made a statutory duty, and the means prescribed as being best suited to attain the object were the erection and maintenance of fences and cattle guards. The defendant's duty was in relation to the dangers upon its own possessions. The duty to exclude stock from an ad-

joining or a distant right of way was upon the company that owned it. That there was upon the south of defendant another right of way was as to it a mere incident; there might as well have been a field or a pasture with uncovered wells or other dangerous features. Each railroad company was required to exclude domestic animals from its own right of way, not from the right of way of other companies or from adjacent property. Although the neglect to erect and maintain fences and cattle guards is denominated an act of negligence, the Supreme Court of Minnesota held many years ago that under sections 2692 and 2693 a railroad company was not liable where cattle went from an unfenced right of way and committed damage upon adjoining lands. Gowan v. Railway Company, 25 Minn. 328.

The failure of defendant to properly fence its right of way was not the proximate cause of the death of the horse. Frisch v. Railway Company, supra. True, had the defendant maintained a proper barrier, the horse could not have strayed upon the right of way of the other company. But the duty of the defendant was in respect of its own right of way—to prevent domestic animals from coming there where they might be killed or injured. It owed no duty to keep them from the adjoining right of way, and it was not responsible for what might happen there. That was the duty and the responsibility of the other company. The other company maintained no fence upon its north line. The colliding train belonged to it, and the horse was killed upon its tracks. The omission and commission of that company constituted an intervening, independent, and efficient cause of the damage done. While the statute denominates the failure of defendant to maintain sufficient fences and cattle guards as negligence, it was negligence merely in an abstract sense, if it did not result in damage within the contemplation of the statute. The omission of defendant was not negligence at the common law. It was only such by reason of the statute and entailed a liability only for a damage done upon its own right of way. As there was no damage inflicted there, the statute cannot be used to create a liability for a damage done elsewhere.

The judgment of the Circuit Court is affirmed.