MANGOLD, Appellant v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, February 13, 1906.

1. RAILROADS: Fencing Right of Way: Common Law Liability. A railroad company is under no obligation at common law for failure to fence its right of way, and therefore is not liable at common law for damages to an adjacent land owner caused by failure to fence.

2. ———: ———: Statutory Liability. Under section 1105, Revised Statutes of 1899, a railroad company is liable only for injuries to stock or damages to crops by incursions of animals, on account of failure to fence its right of way. A petition which stated that by reason of the failure of the defendant, a railroad company, to fence its right of way, plaintiff, the owner of the adjacent land, was deprived of the use of said land for agricultural purposes, did not state a cause of action.

Appeal from Butler Circuit Court.—*Hon. James L. Fort*, Judge.

AFFIRMED.

*Phillips & Phillips* for appellant.

*L. F. Parker* and *James Orchard* for respondent.

(1)    At common law a railroad company was not required to fence its road, and is not required to fence independent of any statutory requisition.  1 Redfield on Law of Railroads (5 Ed.), page 492, sec. 11; 3 Elliott on Railroads, secs. 1180 and 1181, pages 1803 and 1807. (2)    Under section 1105, Revised Statutes 1899, a railroad company is not required to fence anywhere, but the statute simply dispenses with the proof of negligence in the first instance, when animals are killed where there are no fences, but where fences might lawfully have been erected.   Edwards v. Railroad, 66 Mo. 567; Radcliffe v. Railroad, 90 Mo. 127, 2 S. W. 277.

GOODE, J.—Plaintiff owns two farms or separate tracts of land in Butler county.   In August, 1902, and January, 1903, defendant constructed a railway through the tracts but has never built fences, gates and cattle-guards along its right of way.   The petition alleges those facts and that because of defendant's failure to fence its right of way, plaintiff has been deprived, for three years, of the use of one of the tracts for agricultural purposes and of the other tract for two years; that the lands are chiefly valuable for agriculture; that their value is five dollars per acre and that this was the amount of damage sustained by plaintiff in consequence of the right of way being unfenced.  Judgment was prayed for a sum equal to the amount of the full rental of the two tracts for the period mentioned.   The answer was a general denial.   On the trial of the case, judgment was given for plaintiff and afterwards a motion for a new trial was filed and overruled, but a subsequent motion to arrest the judgment was sustained.   It is from the order sustaining that motion that plaintiff appealed.

Mangold v. Railroad.

The only question presented for our decision is whether or not the petition stated a cause of action for damages. No allegation is made that plaintiff raised crops of grass or grain on the land and that these crops were damaged by the inroads of stock on account of the railroad being unfenced. Neither is there an averment of negligence in respect to throwing down fences or any other matter, except failing to construct fences and cattle-guards. The facts relied on to make a case are that the statutes imposed on defendant an obligation to fence its line which it violated, and in consequence of the violation plaintiff was deprived of the use of his lands for agricultural purposes. There is no direct averment that plaintiff could not cultivate the lands himself nor rent them for cultivation, but the reasonable intendment of the petition is that he could do neither. His attorney contends that those facts constitute a good case for damages. We interpret the petition to state a case on the statute, though in plaintiff's brief the argument is advanced that if no case is stated under the statute requiring railroads to fence, nevertheless one is stated at common law. Railroad companies are not required by the common law to fence their right of way. [Clark's Adm'r v. Hannibal, etc., R. Co., 36 Mo. 202, 220; 3 Elliott, Railroads, secs. 1180 and 1181.] Hence, there was no breach of any common-law duty by defendant which would lay it liable to plaintiff, and we may dismiss that phase of the case without further remark.

Plaintiff is not without support from judicial opinions for the proposition that an action for the kind of damage he complains of, will lie against a railroad company when the damage was the result of an unfenced right of way required by statute to be fenced. [Emmons v. R. Co., 35 Minn. 503, 38 Minn. 215, 41 Minn. 133; St. Louis, etc., R. Co. v. Ritz, 33 Ks. 404.] An examination of the statutes on which those decisions were based will show that the enactment merely required railroad companies to fence their lines, without specifying the kinds

of injury for which they would be responsible if they did not. In our judgment, the Missouri statute on the subject, furnishes no foundation for the plaintiff's demand. Such an action has never been sustained by any appellate tribunal of the State, and the understanding of the profession has been that the remedies of an adjacent proprietor against a railroad company for failure to fence, were confined to damages for injuries done to his domestic animals by trains, or to his crops by the incursions of animals, or to fencing himself and recouping his outlay from the company. We have found no Missouri case which extended the liability of the railway company beyond those instances; and by reverting to the earlier decisions all doubt is dispelled regarding the maintenance of a case like the one at bar. The original railroad act was enacted in 1853. The section of that act requiring railway companies to fence their roads was incorporated in the Revised Statutes of 1855 as section 52. In most respects the section was like the one now in force on the subject (R. S. 1899, sec. 1105). But the statute of 1855, though it made railway companies answerable to the owners of stock for all damage done to their animals by its agent or engines, contained no provision that the companies should be answerable for the damage done by animals escaping into adjacent fields on account of the railroad being unfenced. Our statute contains a provision of that kind. In Clark's Adm'x v. Hannibal, etc., R. Co., supra, the Supreme Court had occasion to construe the railroad-fencing law of 1855 in an action wherein the plaintiff claimed damages, not only for the killing of stock and some other items, but for damage to crops by cattle and hogs which entered cultivated fields from the right of way. The trial court held that, as the statutes required railway companies to fence their lines, they were responsible for the last-mentioned damage as well as the other items; but the Supreme Court decided that the statute, as it then stood, was designed to protect railroads, pas-

116 App—39

sengers and trains, and prevent injuries to cattle and other animals on the track; that it required companies to fence their roads in and animals out, but did not require them to inclose the farms or fields of adjacent proprietors. It was further held that no absolute obligation was imposed even to fence the road; but that companies were liable, without proof of negligence, to owners of cattle and other animals injured while straying on railway tracks. As to the contention that the statute made railway companies liable to adjacent owners whose crops suffered from the depredations of cattle which wandered into the fields from the right of way, the court said that it was a land-owner's duty to fence his fields against the intrusion of stock; that the statute only relieved a landowner from the obligation of keeping his own cattle shut off from the right of way and cast the duty on the railroad company, so far as to make it responsible for injuries to stock by its trains in consequence of the animals going on an open track. That decision is direct authority against the present plaintiff. In fact the case considered was stronger than this; for the statute construed laid down the duty of a railroad company to fence, in the same language that the present statute does, and the mischief that plaintiff suffered from the defendant's failure to fence was the actual destruction of growing crops by trespassing cattle. Nevertheless, the company was held not to be answerable, for the reason that the extent of responsibility prescribed by statute was for injuries done to animals by trains and not to crops by animals. In the present case, no crops were destroyed by stock and, so far as appears, none were raised. The theory is that the plaintiff was prevented from raising crops himself or renting to tenants, because any crop put in would have been destroyed by cattle; a more remote damage from failure to fence than the one held to impose no liability in the Clark case. It follows that under the statute as it stood until amended to read as it does now, plaintiff would have had no cause of action. Does the

amended or present statute furnish a basis for the action? The amendment adds nothing except that an adjacent proprietor may recover for damage done to him by reason of horses, cattle, mules and other animals coming on his lands in consequence of a railway company's failure to construct fences and cattle guards. Now it is not alleged that the plaintiff was damaged in that way. Hence, the amendment does not assist his complaint, and he has no better case under the present statute than he would have had under the former one. In truth, as a penal law, this statute must be strictly construed. If the Legislature had not undertaken to specify what liabilities railroad companies should be under to an adjacent proprietor in the event of failure to fence their roads, there would be strength in plaintiff's position. But as the statute states the responsibility of the companies, we think it must be limited to the particulars enumerated. The judgment is affirmed. *Bland, P. J.,* and *Nortoni, J.,* concur.