[No. 12566.    Department One.    April 5, 1916.]

ANDREW HANSON et al., Respondents, v. NORTHERN PACIFIC RAILWAY COMPANY, Appellant.[1]

RAILROADS—RIGHT OF WAY—DUTY TO FENCE—STATUTES.    A railroad company is not liable for damages done by trespassing cattle that strayed from its unfenced right of way to and upon the lands of an adjoining landowner, under Rem. & Bal. Code, §§ 8730, 8731, making the killing of stock upon an unfenced railroad right of way *prima facie* evidence of negligence, since "stock killing" statutes have no application to such a case.

ADJOINING LANDOWNERS—DUTY TO FENCE—DAMAGES BY TRESPASSING STOCK—LIABILITY.    Under Rem. & Bal. Code, § 4982, changing the common law rule with reference to trespassing animals on unfenced lands, and providing that an owner who would protect his lands from trespass might demand that an adjoining owner join in a partition fence, an owner of unfenced lands cannot recover of an adjoining owner for damages done by trespassing cattle that strayed across their boundary line, where their presence was not known and they were not wilfully turned upon plaintiff's lands.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered October 26, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages for trespass.    Reversed.

*Geo. T. Reid* and *Miller, Crass & Wilkinson*, for appellant. *McMaster, Hall & Drowley*, for respondents.

PER CURIAM.—Respondents own land adjoining the right of way of the appellant.    The right of way was not fenced.

[1]Reported in 156 Pac. 553.

Stock wandered from the right of way onto respondents' land, and this action is brought to recover damages which they suffered. The only question is whether a railroad company is liable to an adjoining owner for trespassing stock which wander from its unfenced right of way. Respondents rely upon the statute, Rem. & Bal. Code, §§ 8730, 8731 (P. C. 433 §§ 89, 91). They insist: (a) that these statutes are declaratory of the common law, and in addition declare a rule of evidence; or (b), if a recovery may not be had under the statute, that respondents are entitled to a recovery as upon an action on the case at common law, under the maxim *sic utere tuo ut alienum non laedes.*

The statutes have no bearing on the case. Reference to the original act of 1893, Laws 1893, p. 418, and the acts amendatory thereof, Laws 1903, p. 332, and Laws 1907, p. 169, as well as the cases arising thereunder, will show that the legislature did not assume to do more than make the killing of stock upon an unfenced right of way *prima facie* evidence of negligence. The object of the statute is twofold; to put the burden of proof upon the railroad company where stock is killed upon its right of way, and to protect those who operate and travel upon trains from the hazard of derailment and other accidents.

We find no room for the application of the principles relied on. It is true, as suggested, that the common law assumed to give a remedy for every wrong.

The obligations of those who have adjoining land or land fenced in a common inclosure are noted in *Kobayashi v. Strangeway*, 64 Wash. 36, 116 Pac. 461. It was there held that the owner of land is bound to keep his cattle upon his own lands, and although his lands were fenced with other lands, that he may not allow his cattle to graze or trespass upon the land of the other although within the same inclosure. These are the rules of the common law, and to sustain an action, it must appear that there has been a breach of duty. Appellant owed no duty to respondents to turn cattle which

were trespassing upon its land away from respondents' land. To hold appellant to a liability, it must be made to appear that it knew of the presence of the trespassing cattle, and wilfully turned them upon respondents' land. No such facts appear in this case.

Rem. & Bal. Code, § 4982 (P. C. 183 § 11), seems to have been designed, because of changed conditions, to save the owner from any hardships that the common law rule imposed. It was recognized that, under the conditions prevailing in this country, lands which were subject to cultivation should be fenced, and it was provided that an owner who would protect his lands from trespass might demand of his adjoining proprietor that he join in fencing his land, and failing to do so, an action might be brought for the cost thereof.

It is generally held that "stock killing" statutes are not applicable where stock wander from an unfenced right of way onto the lands of another. The latest expression of this rule is in *Missouri, O & G. R. Co. v. Brown* (Okl.), 148 Pac. 1040, and this we understand to have been the rule declared in *Hubert v. Connell Northern R. Co.*, 71 Wash. 567, 129 Pac. 105, 43 L. R. A. (N. S.) 447, where a number of cases are cited, although it was finally held that the company was liable because it had torn out the fences so that stock might enter. In that case, the right of way and the fields of the plaintiff were a common inclosure. We held, under the facts in the case, that one owner could not throw his neighbor's land out to the commons without doing violence to the maxim relied on.

"For if mine and my neighbor's field are in one inclosure, neither is liable to the other for damage done by trespassing cattle which wander from one ownership to another. But if either myself or my neighbor, in wilful disregard of the rights of the other, break the outer inclosure and leave it open so that cattle may wander at will over the premises belonging to both of us, the offender should be held to the rule that no man may so use his property as to injure that of another."

And further:

"If, for its own purposes or because of its necessities, a railroad company breaks the continuity of the fence so that its common owner is damaged, it is liable; for the proximate cause is not the trespass of wandering stock, but the wilful disregard of the right of another by the party charged."

Respondents are without remedy. The judgment of the lower court is reversed, and the case remanded with instructions to dismiss.