## MISSOURI, K. & T. R. CO. v. MINOR.

No. 6972.—Opinion Filed Dec. 4, 1917.

On Petition for Rehearing, May 27, 1919.

**1. Negligence—Burden of Proof—Circumstantial Evidence.**

In a civil case, all that the plaintiff is required to do in order to establish his case is to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause, and this fact may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom.

**2. Railroads—Fences—Liability.**

Under sections 1435 to 1438 of the Revised Laws 1910, a railroad company is liable for injuries to stock, resulting by its failure to construct and maintain a lawful fence as provided for therein.

(Syllabus by Hooker, C.)

Error from County Court, Payne County; W. H. Wilcox, Judge.

Action by J. D. Minor against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed on rehearing.

Clifford L. Jackson, W. R. Allen, and M. D. Green, for plaintiff in error.

Thos. A. Higgins and Sylvester J. Berton, for defendant in error.

Opinion by HOOKER, C. This is an action instituted by Minor against the company to recover damages alleged to have been caused to him by the killing of one mare and injury to another by one of the company's trains, and it was claimed that the company is liable because it had failed to construct and maintain a lawful fence, as provided by the statute, along its right of way at the place where the injury was alleged to have been caused.

The evidence here clearly establishes that the fence on the right of way which it was the duty of the company to maintain was not a lawful fence, and was maintained insufficiently to prevent stock from gaining access thereto, and the evidence is sufficient to support the finding of the jury that plaintiff's stock had strayed upon the right of way of the company on account of this defective condition of its fence, and that injury resulted to them by reason of that fact. The evidence of the plaintiff below was largely circumstantial, but, in our judgment, sufficient to take the case to the jury upon the question as to whether the mare killed and the one injured were upon the right of way of the company at the time thereof, and got there by reason of the defective condition of this insufficient fence. And there being evidence to support the finding of the jury, we cannot disturb the same upon appeal here.

The following authorities announce the rule in this jurisdiction, that in a civil case all that the plaintiff is required to do is to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause, and this fact may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom.

In the case of Weleetka Cotton Oil Co. v. Brookshire, 65 Oklahoma, 166 Pac. 408, it is said:

"It is the settled rule of this state that negligence may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom, and that the proximate cause of an injury may be determined from circumstantial evidence."

And in St. L. & S. F. R. Co. v. Clampitt, 55 Okla. 686, 154 Pac. 43, it is said:

"The question is not presented that the happening of an accident, in case of an employe, raises a presumption of negligence, * * * for while there is no direct evidence showing what caused the deceased to fall, there was evidence showing the condition of the platform, from which the jury might draw the inference that it was the condition of the platform that was the proximate cause of the death of the plaintiff's intestate."

And in Waters-Pierce Oil Co. v. Deselms, 18 Okla. 107, 89 Pac. 212, it is held:

"Where an accident has occurred resulting in the death of all the persons immediately connected therewith and there is no direct proof as to how the accident occurred, the manner of its occurrence may be shown by circumstantial evidence from which the jury may infer the manner and cause of the accident if the inference is a reasonable, although not a necessary resulting fact (one)."

And in Booker Tobacco Co. v. Waller, 38 Okla. 47, 131 Pac. 537, it is held:

"It is only when the evidence, with all the inferences the jury could * * * draw from it, will be insufficient to support a verdict for plaintiff * * * that the court is authorized to direct a verdict for defendant; and, unless the conclusion follows, as matter of law, that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury under proper instructions. * * * "

And in Reed v. Scott, 50 Okla. 757, 151 Pac. 484, it is held:

"If there is any evidence, including every reasonable inference the jury could have drawn from the same, reasonably tending to support the verdict, this court will not re-

verse a case for insufficient evidence. A jury may, if they so decide, accept circumstantial evidence upon one side, and reject positive testimony presented on the same point by the other side."

See, also, St. L. & S. F. R. Co. v. Darnell, 42 Okla. 394, 141 Pac. 785; Coalgate Co. v. Hurst, 25 Okla. 597, 107 Pac. 657; C. R. I. & P. R. Co. v. Ashlock, 36 Okla. 706, 129 Pac. 726; Petroleum Co. v. Wantland, 28 Okla. 481, 114 Pac. 717.

Applying the principle announced in the cases named above, it was competent for the jury to determine the liability of the company here by circumstantial evidence, and we cannot say that the evidence here is insufficient to support the verdict of the jury fixing liability upon the company for the stock injured.

It is asserted by the plaintiff in error that under sections 1435, 1436, 1437, 1438, of the Revised Laws of 1910, it cannot be held liable for animals injured by reason of its failure to construct a fence as provided therein. I nother words, that the duty to construct a fence is a statutory one, and that the penalty fixed by the Legislature for a failure to comply with these provisions of the statute is exclusive of all other penalties, and, inasmuch as the Legislature has prescribed that the company shall be liable only when stock is killed, that no other penalty can be added, and hence, under this statute, it could not be liable for injury thereto when death does not result.

With this contention of the plaintiff in error we cannot agree. The object of this statute was in part to compel the railway company to fence its right of way so as to afford protection to the landowner from injury to his stock, or, in the event the company failed and refused to construct a fence as provided in the statute, to pay all damage caused by such failure. A construction of this statute which would relieve the company from liability on account of injury to animals, and only impose liability when death ensued, would not accomplish the purpose of its enactment. It is axiomatic that the whole includes all the parts, and if the company, under this statute, is liable for the death of stock, it unquestionably should be held for injury thereto.

This court, in the case of St. L. & S. F. R. Co. v. Steele, 37 Okla. 542, 133 Pac. 209, in construing sections 1439, 1440 and 1441, Revised Laws of 1910, said:

"Although defendant says the fence statute is penal, yet it argues that, since no penalty is provided therein for a failure to fence against hogs, none can be recovered, and

plaintiff is not entitled to a judgment. * * * In Parish v. Louisville & N. R. Co., 78 S. W. 186, 25 Ky. Law Rep. 1524, affirmed in 126 Ky. 638, 104 S. W. 690, 31 Ky. Law Rep. 1020, the contrary rule is so aptly expressed that we quote at length. There it was held that, where a railroad company was required by statute to fence its right of way and neglected to do so, it was liable for injury to cattle resulting from such failure, though the statute did not in terms impose a liability. * * * The fact, therefore, that the statute failed to impose in terms a liability does not detract from the responsibility of the railroad company for all damages proximately caused thereby. Plaintiff's evidence showed that he was the owner of the land abutting on the railroad; that he had built a fence around his land as provided by statute; and given the defendant notice to construct their portion thereof; that he was the owner of the hogs injured; that defendant company had failed and neglected to construct the fence; and that as a result of such failure and neglect the plaintiff's hogs wandered on the track of defendant company and there were killed. This was sufficient to fix the liability of defendant, under the great weight of authorities, which hold that a railroad, not having fenced its line as provided by statute, is liable for all damages resulting therefrom."

Likewise this court, in the case of C., R. I. & P. Co. v. Westheimer & Daube, 44 Okla. 287, 144 Pac. 356, held:

"It is the duty of every person or corporation owning or operating a railroad in Oklahoma to build and maintain a lawful fence along its right of way, 'except at public highways and station grounds.' Sections 1435 and 1438, Rev. Laws 1910. Where stock goes upon the right of way and is injured on account of the failure of the company to maintain such lawful fence, it is liable for stock killed or injured by its trains regardless of negligence in the running or management thereof."

We do not regard the case of M., O. & G. R. Co. v. Brown, 46 Okla. 735, 148 Pac. 1040, in conflict with the opinion here rendered. In the instant case, the jury heard the evidence and reached the conclusion that the mare of the defendant in error, on account of a failure of the company to maintain its fence as by law required, strayed upon the right of way of the company and while there was injured.

(A portion of the opinion of the Commissioner, referred to in the rehearing opinion set out below, is omitted in accordance with the direction of the court on rehearing.)

### On Petition for Rehearing.

PER CURIAM. Petitions for rehearing the opinion of Mr. Commissioner HOOKER, reversing the judgment of the court below, have been filed on behalf of both the plain-

tiff in error and the defendant in error; the former being based upon the ground that the opinion is wrong in holding that the plaintiff was entitled to recover for the animal injured, and the latter upon the ground that the instruction which the Commissioner held constitutes reversible error, states the law correctly. As these are the only questions presented for rehearing, they are the only ones we will notice in the further consideration of this cause by the court.

We are of the opinion that the authorities cited by the learned Commissioner support the conclusion reached by him that the plaintiff was entitled to recover for the animal injured, and that M., O. & G. R. Co. v. Brown, 46 Okla. 735, 148 Pac. 1040, and Box v. C., R. I. & P. R. Co., 56 Okla. 243, 155 Pac. 1144, relied upon by counsel for plaintiff in error, are not in point to the contrary.

It is true, as counsel contends, that the common law did not impose upon railways the duty of fencing their right of way, but section 1435, supra, does this in the most clear and explicit language. The plaintiff charges the defendant with a violation of this statute, and that this violation resulted in injury to his horse by coming in contact with the company's locomotive. As the violation of a statute constitutes actionable negligence, where, as here, it is alleged and proven that the violation of the statute was the proximate cause of the injury complained of, the plaintiff is entitled to recover. In these circumstances the most that can be claimed for section 1438, supra, is that it constitutes a limitation upon the general language of section 1435, and we do not believe that such was the intention of the Legislature.

Inasmuch as the instruction which the Commissioner holds was erroneous was objected to solely upon the ground that it stated in effect that the plaintiff in proper circumstances would be entitled to recover for the animal injured, of course, in view of the holding on that point, it was not error to give it. The part of the Commissioner's opinion dealing with this question will be stricken out, and the balance of the opinion, as thus modified and hereby supplemented, will be approved.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.