## MUSKOGEE ELECTRIC TRACTION CO. v. MINUGH.

No. 11157—Opinion Filed May 22, 1923.

**Railroad — Injuries to Stock--Negligence—Failure to Maintain Right of Way Fence.**

Failure of a railway company to maintain a right of way fence as required by sections 1435-1438, inclusive, Revised Laws of Oklahoma, 1910, constitutes negligence, and such company is liable for injuries to live stock resulting therefrom.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by C. E. Minugh against the Muskogee Electric Traction Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

C. A. Summers, J. H. Maxey, Christy Russell, and Herbert Ambrister, for plaintiff in error.

Crump, White, & Seawell, for defendant in error.

Opinion by LYONS, C. This was an action brought to recover damages for the wrongful killing of a mule. A verdict of $200 in favor of the plaintiff was rendered. A motion for new trial was overruled, and the defendant railway company appeals.

It appears from the evidence that the mule was ordinarily kept in a pasture; that it escaped from the pasture, and, running over adjacent land, almost immediately got on the railway company's track and was struck by a Fort Gibson interurban car running at full speed, which dragged the mule

about the distance of two telephone posts, ran over his neck, and broke both hind legs, causing death.

It is undisputed that the railway company failed to maintain a fence along its right of way as required by sections 1435-1438, inclusive, Rev. Laws 1910.

It is contended by the railway company that it can escape liability because the mule did not come directly on to its tracks from the land of the mule's owner.

Complaint is made of the following instruction of the court:

"You are instructed that if you believe from the evidence that the mule belonging to the plaintiff herein was running at large on lands adjoining the right of way belonging to the defendant herein, and that the defendant had no fence as required by law enclosing its right of way from the land upon which the said mule was running at large, and that said mule entered upon the right of way or track of defendant herein from such land and was struck by one of the cars operated and owned by the defendant, and was killed thereby, and that the failure to maintain a legal fence as heretofore defined was the direct and proximate cause of the killing of said mule, then and in that event your verdict should be for the plaintiff."

The railway company further asked for certain instructions based on the theory that no recovery could be had for the reason that the mule did not come on to its tracks from the land of its owner.

It is clear that the court's instruction is liberal to the defendant, and that the theory of the railway company is technical and would defeat the purpose for which the statute was passed.

In the case of M., K. & T. Ry. Co. v. Minor, 75 Okla. 10, 181 Pac. 142 (at page 144), in a per curiam opinion on a petition for rehearing, this court said:

"It is true, as counsel contends, that the common law did not impose upon railways the duty of fencing their right of way, but section 1435, supra, does this in the most clear and explicit language. The plaintiff charges the defendant with a violation of this statute, and that this violation resulted in injury to his horse by coming in contact with the company's locomotive. As the violation of a statute constitutes actionable negligence, where, as here, it is alleged and proven that the violation of the statute was the proximate cause of the injury complained of, the plaintiff is entitled to recover. In these circumstances the most that can be claimed for section 1438, supra, is that it constitutes a limitation upon the general

language of section 1435, and we do not believe that such was the intention of the Legislature."

The result in this case was clearly in accordance with justice, and the court should not search for technical grounds on which to overturn the verdict.

The instructions of the court were most liberal to the defendant, and the evidence supports the verdict. The judgment is affirmed.

By the Court: It is so ordered.