AUGUST BREI, APPELLANT, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLEE.

FILED FEBRUARY 28, 1936. No. 29534.

*Hubka & Hubka,* for appellant.

*W. P. Loomis, J. W. Weingarten* and *Jack & Vette,*
*contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

CARTER, J.

In this case the plaintiff sued the Chicago, Burlington &
Quincy Railroad Company to recover for damages to live
stock caused by the negligence of the railroad company in
failing to keep its right of way fences in proper repair. The
trial court sustained a demurrer to the petition and dis-
missed the case. From the overruling of his motion for a
new trial, plaintiff appeals.

The petition alleges that plaintiff was a tenant on a farm
adjoining defendant's right of way, and that the land
adjacent thereto was used as a pasture. Plaintiff was the
owner of 11 head of cattle which passed through the right
of way fence of the defendant company due to the fact that
it was not properly maintained. The petition further al-
leges that the cattle strayed along said right of way and
through another section of fence, which the defendant had
failed to keep in proper repair, into a cane field in an ad-
joining field; that, as a result of grazing upon and eating
the cane, the cattle became poisoned and died. Plaintiff
prayed for judgment for the value of the cattle thus lost.
Does the petition state a cause of action?

The liability of the railroad company for failure to main-
tain right of way fences, and for damages therefor, arises
by virtue of section 74-601, Comp. St. 1929, which provides

in part as follows: "Every railroad corporation \* \* \* shall \* \* \* erect and thereafter maintain fences on the sides of their railroad \* \* \* suitable and amply sufficient to prevent cattle \* \* \* from getting on such railroad. \* \* \* And when such fences \* \* \* are not in sufficiently good repair \* \* \* such railroad corporation and its agents shall be liable for any and all damages which shall be done by the agents, engines or trains of any such corporation \* \* \* to any cattle \* \* \* thereon." It will be noted from this section of the statute that, in order to recover, the railroad company not only must have been negligent in maintaining its right of way fences, but the damages must have been done by the agents, engines or trains.

In *Chicago, B. & Q. R. Co. v. Cox,* 51 Neb. 479, 71 N. W. 37, this court, in construing this statute, said: "It is negligence for a railroad corporation to fail to fence its track at a place where the law imposes a duty to fence, but such omission alone would not make the company liable for damages received by stock while on its right of way. But to create a liability, in addition to the failure to construct and maintain the fence, the injury must have been occasioned by an agent of the company, or some engine or train of cars. Should an animal which had strayed upon a right of way at a point required to be fenced inflict an injury upon itself, as by running into a bridge on the railroad, and no agent or servant of the company or locomotive or train is near or was in any manner responsible therefor, the corporation could not be made to respond in damages."

In *Knight v. New York, L. E. & W. R. Co.,* 99 N. Y. 25, 1 N. E. 108, the court said:

"The statute referred to requires railroad companies to erect and maintain fences on the sides of their roads, but it does not impose upon them a general liability for any consequences which may result from an omission to do so, nor does it leave the question open what liability to third parties they shall be subjected to for such omission, for it defines in express terms the consequences for which they shall be liable to owners of cattle and horses getting on the track.

The terms of the statute are that 'so long as such fences shall not be made, such railroad corporation and its agents shall be liable for damages which shall be done by the engines or agents of any such corporation to any cattle, horses, etc., thereon.'

"This language clearly requires some action on the part of the company to produce the injury, either by mechanical or other agents of its own, and, in our judgment, excludes the idea of liability for injuries which the cattle may do to themselves by straying on the track."

In *Ingalsbe v. St. Louis-San Francisco R. Co.*, 295 Mo. 177, 243 S. W. 323, 24 A. L. R. 1051, recovery was sought for the death of a cow after it had entered and escaped from the right of way of the defendant railroad company. The animal was running at large outside any inclosure when it entered the right of way of the company at a point where there was no fence. It wandered from the right of way through a fence which was out of repair, into a sorghum-cane field adjacent to the right of way, and ate so much of the cane that it died. The court in their opinion said: "There is nothing in the statute requiring railroads to fence their tracks which makes it their duty to construct fences to prevent animals, which stray onto their tracks, from leaving the right of way and going onto the land of another where they may be injured. So that where plaintiff's cow entered upon the unfenced right of way of defendant railroad company and passed from it into the field of a private citizen, where she 'was killed by reason of eating too much sorghum cane' then growing in said field, the railroad company is not liable in damages for the value of said cow."

We believe these cases to be controlling on this point and there can, therefore, be no recovery under the statute. Appellant contends, however, that the statute is cumulative and does not exclude the common-law right to recover. We cannot agree with this argument for the reason that there is no common-law duty that requires any one, including railroad companies, to fence against animals. The statute

quoted herein is in derogation of the common law and was intended to change the common law only as to the special instances mentioned expressly within the statute itself. We do not think that, because a plaintiff may bring an action for stock killed by a collision and make out his case by proving a failure to fence, it necessarily follows that a failure to fence will give a common-law action for all damages which may be traced, partially or remotely, to a failure to fence. The common-law action of an owner of live stock against a railroad company for negligently injuring his stock is not taken away by our statute, but the plaintiff in the case at bar, in the absence of the statute, had no right at common law against the railroad company for permitting his cattle to cross its right of way.

After a consideration of the authorities, we conclude that damages to live stock, sustained after they have escaped from the right of way of the railroad company, are not ordinarily a natural or probable consequence of a failure of the railroad company to construct or maintain proper fences. In the case at bar, the proximate cause of the damage to plaintiff's cattle was the eating of the cane, not defendant's negligence in failing to keep its fences in repair. The following cases support this view: *Bear v. Chicago Great Western R. Co.*, 141 Fed. 25; *Chicago, K. & N. R. Co. v. Hotz*, 47 Kan. 627, 28 Pac. 695; *Frisch v. Chicago Great Western R. Co.*, 95 Minn. 398, 104 N. W. 228.

We conclude therefore that plaintiff's petition does not state a cause of action and that the trial court properly sustained defendant's demurrer.

AFFIRMED.