## KURN et al. v. IMMEL.

No. 28675. April 4, 1939.

J. W. Jamison, Cruce, Satterfield & Grigsby, and W. T. Stratton, for plaintiffs in error.

A. L. Zinser, M. F. Priebe, and Luther A. Wells, for defendant in error.

DANNER, J. The defendant in error, plaintiff below, brought suit against the plaintiffs in error, as defendants, to recover damages for the death of two cows alleged to have been caused from defendant's failure to maintain a lawful fence along its right of way located on and through the premises occupied by the plaintiff.

The agreed and proven facts follow: That plaintiff's cows entered upon the defendant's right of way, through its defective fence, and from the right of way entered an adjoining field owned by a third person, ate a quantity of green African millet, causing their death, from prussic acid. The controlling statute is section 11969, O. S. 1931, 66 Okla. St. Ann. sec. 144, which reads:

"Whenever any railroad corporation or the lessee, person, company or corporation operating any railroad, shall neglect to build and maintain such lawful fence, such railroad corporation, lessee, person, company or corporation operating the same, shall be liable for all animals **killed by reason of the failure to construct such fence.**"

Under the record the sole question presented for determination is whether, under

the law, the railroad company is liable to the owner of livestock which reach its right of way from premises adjacent thereto, due to a defective fence maintained by the railroad, and thereafter such animals die from injuries sustained off the right of way of such railroad and not due to or brought about by the operation of such railroad and entirely disconnected from the operation thereof.

Ordinarily, damages to livestock occurring off the right of way of a railroad company are not a natural or probable consequence of a failure of the company to construct or maintain proper fences. Annotation 24 A. L. R. 1057, 52 C. J. 36.

In the case of Champlin Refining Co. v. Cooper, 184 Okla. 153, 86 P.2d 61, this court laid down the rule that unless the injury complained of is the proximate result of violating the particular statute and the person or thing injured is a member of the class intended to be protected by said statute and the injury of the kind intended to be prevented, violation of the statute does not per se constitute actionable negligence. [7]

The following cases support our conclusion that injuries suffered by livestock under the facts hereinbefore set out are not within the purview of statutes requiring railroads to fence their right of way: Missouri, O. & G. Railroad Co. v. Webb, 46 Okla. 740, 148 P. 1042; Missouri, Oklahoma & Gulf R. Co. v. Brown, 46 Okla. 735, 148 P. 1040; Box v. Chicago, R. I. & P. Ry. Co., 56 Okla. 243, 155 P. 1144; Brei v. Chicago, B. & Q. R. Co. (Neb.) 265 N. W. 539; Scott v. A., T. S. & F. Ry. Co. (Mo.) 32 S. W.2d 139; Hocking Valley Ry. Co. v. Phillips (Ohio) 91 N. E. 118; Bear v. Chicago & Great Western Ry. Co. (C. C. A.) 141 Fed. 25; Chicago, Kansas & Nebraska Ry. Co. v. Holtz, 47 Kan. 627, 28 P. 695; Ingalsbie v. St. Louis & S. F. Ry. Co. (Mo.) 243 S. W. 323, 24 A. L. R. 1051.

The cause is reversed and remanded, with instructions to the trial court to vacate the judgment and enter an order dismissing the action.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, and DAVISON, JJ., concur. GIBSON, J., absent.